UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-mj-8594-RMM

UNITED STATES OF AMERICA,

vs.

RANDOL HAZAEL LOPEZ,

    Defendant.

_____/

FILED BY ___SP___ D.C.
Nov 13, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? ☐ Yes ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0592501
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   305-905-7509
Fax:   (561) 820-8777
Email:  daniel.funk@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  24-mj-8594-RMM |
| RANDOL HAZAEL LOPEZ, ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

FILED BY ____SP____ D.C.
Nov 13, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 12, 2024  in the county of  Palm Beach  in the Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(B)(ii) | Attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Aleida Carvajal*
*Complainant's signature*

DEA TFO Aleida Carvajal
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P. 4 (d) and 4.1.

Date: 11/13/24

*Judge's signature*

City and state:  West Palm Beach, FL      Hon Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Aleida Carvajal, a Task Force Officer with the United States Drug Enforcement Administration (DEA), United States Department of Justice, having been duly sworn, do hereby depose and state as follows:

1. This affidavit is submitted in support of a criminal complaint charging Randol Hazael LOPEZ with attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(B)(ii).

2. I am a deputized Task Force Officer (TFO) with the DEA and have been since November 2018. As such, I am a "law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1). I have received training on the subject of narcotics trafficking and money laundering from the DEA, and have been personally involved in investigations concerning the possession, manufacture, distribution, transportation and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

3. Prior to my assignment to DEA, and since June 2014, I have been employed as police officer with the Palm Beach County School District Police Department. Over the course of my career, I have served in the roles of school resource officer (SRO), special response team member (SRT), and as a detective. I have conducted numerous investigations into the possession, sale, delivery, and trafficking of illegal narcotics and other controlled substances. I have investigated missing and exploited children, sex crimes, gang investigations, and corruption. I have

1

acted in an undercover capacity to purchase narcotics from street-level dealers, conducted physical surveillance and executed numerous arrest and search warrants.

4. The information contained in this affidavit is based on my own personal knowledge as well as information given to me by other law enforcement officers. This affidavit is submitted for the limited purpose of establishing probable cause. It does not purport to describe everything known to your affiant concerning the investigation.

## **PROBABLE CAUSE**

5. On or about November 7, 2024, United States Postal Inspector Services (USPIS) Task Force Officer Henry Ramos identified a parcel (hereinafter "SUBJECT PARCEL") bearing common characteristics to parcels containing narcotics. The SUBJECT PARCEL is addressed to "Amelia Sanchez, 1254 7th Street, West Palm Beach, Florida, 33401." The return address is addressed to "Maria Sanchez, Calle Josefa Medina, 480 Urb. Los Maestro, S.J., P.R., 00923."

6. On or about November 8, 2024, the SUBJECT PARCEL was individually placed in an open-air setting among similar sized parcels lined up on the floor at a USPS facility located at 3200 Summit Boulevard, West Palm Beach, FL, 33416. All parcels were examined by a narcotics-trained canine named "Wall-E," who alerted to the SUBJECT PARCEL for the presence of narcotics. Palm Beach County Sheriff's Office (PBSO) Deputy Cesar Tejada and "Wall-E" have trained and worked as a team for approximately three years. "Wall-E" has successfully completed 420 hours of Narcotics Detection Courses, and is certified in the detection of cocaine, heroin, methamphetamine and ecstasy as well as derivatives. "Wall-E" is certified on a yearly basis.

7. On November 8, 2024, the SUBJECT PARCEL was opened pursuant to a federal search warrant signed by the Honorable Bruce E. Reinhart (SDFL Case No. 24-mj-8583-BER).

Within the parcel, law enforcement recovered approximately 2,077 grams of a white powdery substance. Based upon the agents training and experience and field testing, the substance found inside the SUBJECT PARCEL was identified as cocaine which is a Schedule II controlled substance.

8. On November 11, 2024, agents obtained federal warrants from the Honorable Ryon M. McCabe authorizing the installation and use of a tracking device for the parcel (Case No. 24-mj-8585-RMM), and an anticipatory search warrant (Case No. 24-mj-85-RMM) for the residence located at 1254 7th Street, West Palm Beach, Florida, 33401, where the package was to be delivered.

9. On November 12, 2024, federal and local agents conducted a controlled delivery of the SUBJECT PARCEL which was filled with sham narcotics weighing over two kilograms.

10. At approximately 12:06 p.m., an undercover USPIS inspector approached and knocked on the front door of the residence located at 1254 7th Street, West Palm Beach, Florida, 33401. Despite knocking, no one from inside the residence responded. Consequently, the undercover USPIS inspector left the parcel in front of the residence by the front door.

11. At approximately 12:08 p.m., a female was observed exiting the door of the residence, picking up the SUBJECT PARCEL, and re-entering the residence with the SUBJECT PARCEL. A short time later, the same female was observed exiting the residence and placing the SUBJECT PARCEL back on the same spot by the front door of the residence.

12. At approximately 1:56 p.m., Randol Hazael LOPEZ was observed arriving at the residence driving a gray Ford Escape. LOPEZ appeared to be familiar with the property and appeared comfortable walking around the house before entering the residence through the front door.

13. At approximately 2:58 p.m., LOPEZ was observed exiting the residence along with the same female agents had observed earlier. LOPEZ immediately picked up the unopened SUBJECT PARCEL before he and the female entered the Ford Fusion. LOPEZ entered the front passenger side of the Fusion, and the female entered the driver's seat. At the time they entered the Fusion, USPIS TFO Henry Ramos began receiving alerts from a sensor in the SUBJECT PARCEL indicating that the parcel was being opened. The Fusion then exited the driveway and began traveling away from the residence.

14. At approximately 3:00 p.m., while the Fusion continued to drive away from the residence, USPIS TFO Ramos continued to receive alerts from a sensor in the SUBJECT PARCEL indicating the SUBJECT PARCEL was opened.

15. At approximately 3:02 p.m., Florida Highway Patrol Troopers were notified of the alerts as the vehicle began accelerating. Troopers attempted to conduct a traffic stop while the vehicle proceeded to drive erratically.

16. At approximately 3:05 p.m., Florida Highway Patrol successfully stopped the Fusion. As Troopers approached the passenger compartment of the vehicle, they observed LOPEZ sitting in the front passenger seat with two 'sham' kilograms of cocaine sitting directly on his lap. Furthermore, the SUBJECT PARCEL was opened and sitting on the floorboard of the vehicle directly by LOPEZ's feet. The 'sham' kilograms of cocaine were the same ones put in the SUBJECT PARCEL by law enforcement. LOPEZ had opened the SUBJECT parcel and unwrapped the "sham" kilograms of cocaine to the extent that he would have seen the white powdery substance appearing to be cocaine.

17. After initially invoking his rights, LOPEZ reinitiated contact with agents. Agents then re-read LOPEZ his *Miranda* rights. LOPEZ initially denied knowing what was contained in

the SUBJECT PARCEL, but he later admitted to knowing the SUBJECT PARCEL had contained cocaine.

## CONCLUSION

Based on the facts outlined above, your affiant believes there is probable cause to charge Randol Hazael LOPEZ with attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(B)(ii).

FURTHER YOUR AFFIANT SAITH NAUGHT.

*Aleida Carvajal*
ALEIDA CARVAJAL
TASK FORCE OFFICER
U.S. DRUG ENFORCEMENT ADMINISTRATION

Sworn and attested to me by applicant by
telephone (Facetime) per the requirements
of Fed.R.Crim.P. 4(d) and 4.1. on November 13, 2024.

_____
Hon. RYON M. MCCABE
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  RANDOL HAZAEL LOPEZ

**Case No**:  24-mj-8594-RMM

Count #1:

Attempt to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years up to life
* **Max. Fine:** $5,000,000

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.